UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TF, BY HIS GUARDIAN, LISA ELLERN-FELDMAN,<br><br>**Plaintiff,**<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>**Defendant.** | Civil Action No. 23-3612 (JEB) |

## MEMORANDUM OPINION AND ORDER

Plaintiff T.F. is a 19-year-old student at a public high school in the District of Columbia who has serious cognitive and developmental disabilities, including Autism Spectrum Disorder. See ECF No. 1 (Compl.), ¶¶ 18–27. His guardian brought this action on his behalf against the District, alleging that T.F. was denied adequate special education and related services under the Individuals with Disabilities Education Act. Id., ¶¶ 1, 151–207. In light of the "sensitive, personal issues" and the "confidential education records, mental and health records, and personally identifiable information" at the heart of this case, Plaintiff now moves to proceed under a pseudonym. See ECF No. 3-1 (Mot.) at 2–3. The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"); id. 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

1

I.     **Legal Standard**

Generally, a complaint must identify the plaintiffs.  See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1).  This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings."  In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and, relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

II.    **Analysis**

At this early stage, Plaintiff has met his burden to show that his privacy interests outweigh the public's presumptive and substantial interest in learning his identity.

First, as the Complaint makes clear, Plaintiff does not seek to proceed under a pseudonym "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature." Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original). The Complaint expounds at length on T.F.'s speech and social-developmental impairments, his educational record, and the results of his prior psychiatric evaluations and diagnoses since early childhood. See, e.g., Compl., ¶¶ 18–31. Much of that information is already protected by federal and local law. See 20 U.S.C. § 1232g(b)(1) (restricting release of students' "educational records" or "personally identifiable information" by federally funded educational institutions); 20 U.S.C. § 1417(c) (requiring "protection of the confidentiality of any personally identifiable data, information, and records collected or maintained" by Secretary of Education pursuant to IDEA); D.C. Mun. Regs tit. 5 § E2603.1 (similar). Further, as other courts have noted, "The interest in anonymity is particularly great" in a case such as this "because of the risk that forcing disabled individuals to disclose deeply personal medical information could deter litigants from filing claims to vindicate their rights." Charles H. v. Dist. of Columbia, 2021 WL 6619327, at *2 (D.D.C. Apr. 9, 2021). This factor, in short, squarely supports non-disclosure.

As to the second factor, Plaintiff does not allege any "risk of retaliatory physical or mental harm" to himself or "innocent non-parties." In re Sealed Case, 971 F.3d at 326 (citation omitted). It therefore does not move the needle, as Plaintiff himself concedes. See Mot. at 3.

The remaining factors, however, strongly favor granting the Motion. Begin with the third. While Plaintiff, at age nineteen, is technically no longer a minor, he is still a teenager. And the case concerns, in substantial part, confidential medical and educational records from when he was younger. The Court has no qualms in concluding, as other courts have under

similar circumstances, that his age weighs in favor of proceeding pseudonymously.  E.g., Charles H., 2021 WL 6619327, at *1, 3 (factor three supported pseudonymous proceeding in IDEA case involving 18-year-old and 20-year-old students); J.C. v. McKnight, 2023 WL 5487216, at *2 (D. Md. Aug. 24, 2023) ("Courts have found that the third . . . factor 'weighs in favor of anonymity' for eighteen- and nineteen-year-old plaintiffs because they are 'young adults' who 'may still possess the immaturity of adolescence.'") (citation omitted).

The fourth factor points in the same direction.  As a governmental entity, the District "do[es] not share the concerns about reputation that private individuals have when they are publicly charged with wrongdoing."  J.W. v. Dist. of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (cleaned up); see also Doe 1 v. George Washington Univ., 369 F. Supp. 3d 49, 67 (D.D.C. 2019) (distinguishing "private litigants, who presumably have concerns about their respective reputations").  Nor does the "heightened public interest" in disclosure that sometimes arises when the government is sued apply in this case, as the Complaint does not threaten to "alter the operation of public law."  Sponsor v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023) (quoting In re Sealed Case, 971 F.3d at 329).  Plaintiff seeks to vindicate merely his individual right "to a Free and Appropriate Public Education" under IDEA.  See Compl., ¶¶ 1, 208; see also Charles H., 2021 WL 6619327, at *3 (finding any "heightened public interest" in IDEA class action against governmental entity mitigated for similar reasons).

Fifth, Defendant would suffer no "risk of unfairness" if Plaintiff's Motion were granted, as it already knows T.F.'s identity.  See In re Sealed Case, 971 F.3d at 326 n.1; Mot. at 4.  Indeed, Plaintiff represents that the District does not oppose this Motion.  See Mot. at 2.

Every factor except the second, in sum, favors permitting Plaintiff to proceed under a pseudonym at this stage.

4

5

The Court accordingly ORDERS that:

1. Plaintiff's [3] Motion to Proceed Anonymously is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonym listed in the Complaint in all documents filed in this action; and

3. Within fourteen days of this Order, Plaintiff must file his [3] & [3-1] Motion on the public docket.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: December 7, 2023